Mr. Justice McWilliams
delivered the opinion of the Court.
Lawrence L. Fenton, you stand before this Court as one licensed to practice law in the State of Colorado who *132 has been charged with conduct contrary to the highest standards of honesty, justice and morality.
This disciplinary proceeding was initiated by this Court on its own motion, when it was apprised of the fact that you were a defendant in a criminal proceeding in the United States District Court of the District of Colorado. Thereafter a formal complaint was filed against you in this Court by the attorney general, to which complaint you then filed your answer. Hearing was thereafter held by our Grievance Committee which in due time transmitted to us its findings and recommendation. You, of course, received a copy of such findings and recommendation.
Before referring to your several acts of misconduct, it is to be noted that the recommendation of the Grievance Committee is that you be publicly censured. To this recommendation you thereafter filed a written statement wherein you indicated that you did not wish to take any exception to the recommendation of this Committee, or any of its several findings. The entire matter then is now before this Honorable Court for such action as it deems the gravity of the matter demands.
The record before us reveals the following pertinent facts:
1. you were admitted to practice law in the state of Colorado in 1952;
2. on October 31, 1966 you were charged in the United States District Court for the District of Colorado in a criminal information containing some eighteen separate counts with failing to file the employer’s quarterly tax returns;
3. on November 25, 1966 you were permitted to enter a plea of nolo contendere to the aforementioned charges and as to each count you were then sentenced to one year’s imprisonment and fined $10,000, which imprisonment and fine were in each instance suspended and you were then placed on two years probation;
*133 4. that your period of probation was terminated on December 4, 1967;
5. that from 1960 to 1964 you withheld from the wages paid your legal secretary the total sum of $3,358.90, this sum representing Federal Insurance Contributions Act taxes and Federal Income taxes;
6. that said monies which you withheld from the wages due your legal secretary should have been remitted on a quarterly basis to the United States Government and that in connection therewith you should have filed the employer’s quarterly federal tax return;
7. that for eighteen successive quarters you failed to file such tax returns or remit the sums thus withheld by you from the wages of your secretary, and that you apparently spent such monies for your personal needs; and
8. that only after you were criminally prosecuted for this misconduct did you pay to the United States Government the money due it, along with penalties and interest.
It was on the basis of these undisputed facts that our Grievance Committee concluded that your actions did not comport with the highest standards of justice, honesty and morality, which incidentally should be the normal standard of conduct rigorously adhered to by all members of the Bar. We agree completely with this finding of our Committee, and our only real problem is whether the punishment of a public censure fits the crime which you did in fact commit. This Court has decided, however, to follow the recommendation of its Committee, and you are accordingly here today to be publicly censured.
A lawyer is expected to obey the law, and as a former deputy district attorney, you of all persons should have known that these monies which you withheld from the wages of your secretary did not belong to you, but under penalty of the law were to be remitted on a quarterly basis to the United States Government. *134 Whether your failure to thus transmit these sums was the result of purposeful intent to defraud the government, or simply resulted from letting things slide makes no difference, the result was the same, namely a criminal prosecution for violating the laws of the United States.
When a person who has sworn to uphold the law is himself brought before the Bar of Justice as one who has broken the law, it can result in only one thing, namely a demeaning of the image of the entire profession in the eyes of the general public. By your actions you have not only occasioned damage to yourself and your professional standing, but you have at the same time done a great disservice to the other members of the Bar, for unfortunately the public all too frequently judges our entire profession by the very few who are charged and convicted of wrongdoing.
We do here and now publicly censure you for your admitted wrongdoing. We disapprove most strongly of your conduct and do solemnly warn you that any further transgression on your part of the same or similar nature will necessarily be dealt with more harshly. You are ordered to pay into the office of the clerk of this Court within ten days the sum of $50, this sum representing the costs incurred in the proceeding before our Grievance Committee.